## A05A2194. STONE v. THE STATE.
### (627 SE2d 890)

BARNES, Judge.

Janelle Stone appeals her conviction, following a bench trial in the City Court of Atlanta, for failure to yield while entering a roadway and causing an automobile accident in violation of OCGA § 40-6-70. She was sentenced to a $1,254 fine, to 100 hours of community service, to attend a defensive driving class, to serve five Saturdays in confinement under the Weekender Program, and to twelve months of probation.

Stone contends the trial court erred by not advising her of her right to counsel and of her right to a jury trial, and she also contends that her conviction is contrary to the evidence because the State did not prove all the elements of the crime charged beyond a reasonable doubt within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although not entirely for the grounds asserted by Stone, we must reverse her conviction.

1. As the State concedes that Stone should not have been found guilty of OCGA § 40-6-70, because the Code section does not apply to situations in which a *working* traffic light controls the intersection, we must reverse Stone's conviction. In situations as in this case, OCGA § 40-6-20 is the applicable Code section.

2. Although ordinarily we would not address other issues,[1] we are concerned about the trial court's comments while finding Stone guilty. During the trial, the parties presented conflicting evidence about whether Stone or a friend, who was in the car with her, was actually driving the car at the time of the collision. Holt, the driver of the other car, and the passenger in his car testified that the other occupant of Stone's vehicle, not Stone, was the actual driver who caused the accident. In finding Stone guilty, the trial court announced:

> I believe them[2] when they say that you were not the driver. Now, you have not been charged with that. I could hold you in contempt. I am not going to do that. What I am going to do is I'm going to factor that in when sentencing. I do believe that you did come before this court and you took an oath to tell the truth and you did not, both of you. . . . Ms. Stone, you are guilty.

---

[1] We also note that even though Stone and the driver of the other car were tried jointly, Stone was called as the prosecution's first witness. Nothing shows, however, that Stone was advised of her rights not to be compelled to give evidence against herself, or that Stone knowingly waived them.

[2] This refers to the witnesses who testified that Stone was not the driver of Stone's car.

The effect of the trial court's ruling is to find that Stone was not the driver who violated the Code section, but then to punish her as if she were. It should be obvious that this is not allowed. By the terms of the Code section, only the driver could be convicted of violating OCGA § 40-6-70 (a).[3] Therefore, reversal would have been required notwithstanding our disposition of the case in Division 1.

We do not countenance anyone perpetrating a fraud on the court, but, as the trial court noted, other means were available to sanction Stone for her misconduct. Finding her guilty and punishing her for an offense the court found she did not commit, however, was not one of the sanctions available.

3. In view of our disposition of this case, we need not address Stone's other enumerations of error.

*Judgment reversed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 2, 2006.

*Jabu M. Sengova, Candace L. Byrd*, for appellant.
*Joseph J. Drolet, Solicitor-General, Barbara M. Collins, Assistant Solicitor-General*, for appellee.

---

[3] When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, provided that when a vehicle approaches or enters an intersection with no stop signs or other traffic-control devices from a highway that terminates at the intersection, the driver of that vehicle shall yield the right of way to the other vehicle, whether the latter vehicle be on such driver's right or left. When two vehicles approach or enter an intersection with an inoperative traffic light, the driver of each vehicle shall be required to stop in the same manner as if a stop sign were facing in each direction at the intersection. When a flashing indication is given, the driver shall stop for the flashing red signal and exhibit caution while passing through a flashing yellow indication.